**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4574**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AHMAD PETERSON, a/k/a MeltMan,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.   Irene M. Keeley, District Judge.  (1:08-cr-00004-IMK-1)

Submitted:  April 29, 2010                Decided:  May 21, 2010

Before WILKINSON, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian J. Kornbrath, Federal Public Defender, Clarksburg, West Virginia, for Appellant. Betsy C. Jividen, Acting United States Attorney, Shawn Angus Morgan, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Ahmad Peterson was convicted on two counts of distributing cocaine base within 1000 feet of a protected location, in violation of 21 U.S.C.A. § 841 (West 1999 & Supp. 2009) and 21 U.S.C. § 860 (2006). The district court sentenced Peterson to sixty-three months in prison. Peterson timely appealed.

Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal but questioning whether the district court erred by not striking for cause jurors with ties to law enforcement and by allowing the Government to introduce evidence of uncharged misconduct.[*] Finding no error, we affirm.

Peterson first contends that the district court erred by declining to disqualify several jurors who had connections to law enforcement. A trial judge's decision regarding whether to remove a juror for cause will not be overruled except for a "manifest abuse of . . . discretion." Poynter v. Ratcliff, 874 F.2d 219, 222 (4th Cir. 1989). A district court's determination not to excuse a juror for cause is entitled to "special deference." Patton v. Yount, 467 U.S. 1025, 1038 (1984). The

---

[*] Peterson was advised of his right to file a pro se supplemental brief but declined to do so.

critical issue is whether the juror "could be fair and impartial and decide the case on the facts and law presented." United States v. Capers, 61 F.3d 1100, 1105 (4th Cir. 1995). A challenge to a juror for cause is usually limited to demonstrations of actual bias, with the doctrine of implied bias applying only to "extreme situations" where the circumstances make it highly unlikely that the average person could remain impartial. United States v. Turner, 389 F.3d 111, 117 (4th Cir. 2004) (internal quotation marks and citation omitted). Here, each juror stated that his or her connection to law enforcement would not impact his or her ability to serve fairly on the jury. Because there was no evidence of actual bias and because the jurors' relationships to law enforcement did not rise to the level of an "extreme situation" implying the unlikelihood of impartiality, the district court did not abuse its discretion in refusing to strike the jurors for cause.

Peterson next argues that the district court erred by allowing the Government to introduce evidence of uncharged misconduct through the testimony of Neil Floyd, Traci McLean, and Nate Jackson. This court typically reviews evidentiary rulings for abuse of discretion. United States v. Perkins, 470 F.3d 150, 155 (4th Cir. 2006). Rule 404(b) prohibits the admission of evidence of "other crimes" solely to prove a defendant's bad character or criminal disposition. United

States v. Siegel, 536 F.3d 306, 316 (4th Cir. 2008). "Evidence of uncharged conduct is not 'other crimes' evidence subject to Rule 404 if the uncharged conduct 'arose out of the same series of transactions as the charged offense, or if [evidence of the uncharged conduct] is necessary to complete the story of the crime on trial.'" Id. at 316 (quoting United States v. Kennedy, 32 F.3d 876, 885 (4th Cir. 1994)) (alteration in original). In other words, the Government may "provide context relevant to the criminal charges." United States v. Cooper, 482 F.3d 658, 663 (4th Cir. 2007).

Floyd was a confidential informant who made two controlled purchases of crack from Peterson. Floyd's explanation that he became a confidential informant after being caught with crack that he bought from Peterson provided context relevant to Peterson's charges. Thus, the district court did not abuse its discretion by finding the testimony outside of the purview of Rule 404(b) and admitting the evidence.

McLean testified that she purchased crack and powder cocaine from Peterson, and Jackson testified about Peterson's drug distribution activities. Peterson contends that this "bad acts" evidence was inadmissible. Although not admissible to prove the defendant's character, evidence of other wrongs may be admitted to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

4

Fed. R. Evid. 404(b). Rule 404(b) is an inclusionary rule, allowing evidence of other crimes or acts to be admitted, except that which tends to prove only criminal disposition. United States v. Queen, 132 F.3d 991, 994-95 (4th Cir. 1997). For evidence of uncharged misconduct "[t]o be admissible under Rule 404(b), evidence must be (1) relevant to an issue other than character; (2) necessary; and (3) reliable." Siegel, 536 F.3d at 317 (internal quotation marks and citation omitted). In addition, the evidence must be more probative than prejudicial. Id. at 319 (citing Fed. R. Evid. 403).

The evidence of Peterson's involvement in ongoing drug trafficking activities tended to and was necessary to prove his intent, an element of the crime under 21 U.S.C.A. § 841. Moreover, the evidence was reliable, because the two witnesses corroborated each other's accounts of Peterson's involvement in drug trafficking activities in the time frame of the offenses charged in the indictment. See Siegel, 536 F.3d at 319 ("Evidence is reliable for purposes of Rule 404(b) unless it is so preposterous that it could not be believed by a rational and properly instructed jury." (quoting United States v. Aramony, 88 F.3d 1369, 1378 (4th Cir. 1996)). Finally, the probative value of the evidence was not substantially outweighed by unfair prejudice, particularly in light of the limiting instruction that the district court gave the jury. See United States v.

5

Johnson, 587 F.3d 625, 631 (4th Cir. 2009) (presuming that the jury followed the court's limiting instruction). Therefore, the district court did not abuse its discretion by allowing the testimony into evidence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Peterson's conviction and sentence. This court requires that counsel inform Peterson, in writing, of the right to petition the Supreme Court of the United States for further review. If Peterson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Peterson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED